T. A. BAUM v. THE NORTH RIVER INSURANCE COMPANY OF THE CITY OF NEW YORK, INCORPORATED.

(Filed 25 January, 1933.)

1. **Insurance P g—Verdict in this case held to support judgment in insured's favor.**

> In this action to recover on a policy of fire insurance on a boat, contested by the insurer on the ground that gasoline was kept on the boat in violation of the terms of the policy, the verdict of the jury that an auxiliary gasoline engine was necessary to the proper use of the boat is held sufficient to support a judgment in insured's favor, the Supreme Court having decided on a former appeal that a small quantity of gasoline kept on the boat would not avoid the policy if such gasoline was necessary to the proper operation of the boat, and the insurer knew of such necessity.

2. **Appeal and Error E b—**

> Where the charge of the trial court is not in the record it will be presumed on appeal that the court charged the law applicable to the facts.

CONNOR, J., dissents.

APPEAL by defendant from *Moore, Special Judge,* and a jury, at May Term, 1932, of DARE. No error.

The following issues were submitted to the jury and their answers thereto:

1. Did the defendant company issue the policy of insurance sued on, as alleged in the complaint? Answer: Yes.

2. Was the ferryboat "Rebecca" destroyed by fire on or about 13 May, 1927, as alleged in the complaint? Answer: Yes.

3. At the time of said fire was gasoline being kept, used or allowed on said ferryboat in violation of the terms and provisions of said policy? Answer: No.

4. Was it necessary to use an auxiliary gasoline engine incidental to the proper use and operation of said boat? Answer: Yes.

5. What amount, if any, is plaintiff entitled to recover of the defendant? Answer: $3,000 with interest from 13 July, 1927.

The defendant made several exceptions and assignments of error, one to the judgment as signed by the court below, and appealed to the Supreme Court.

*Ehringhaus & Hall for plaintiff.*
*McMullan & McMullan and Brooks, Parker, Smith & Wharton for defendant.*

CLARKSON, J. This case was before this Court on a former appeal, 201 N. C., 445. In that case at p. 448 it was said, citing authorities: "In Cyc. of Insurance Law, Vol. 4 (Couch), section 966b, p. 3347, the following principle is laid down: 'A condition against the use or keeping of gasoline on the insured premises is not broken by its use to an extent necessary to carry on the business for which the insurer knew that the property insured was used, and where both parties must have known either that the business insured must be discontinued or gasoline used therein.' (Note) 'The keeping upon insured premises of a very small quantity of gasoline for use in an engine used to operate the machinery necessary for the business does not nullify insurance upon the property, although the keeping of gasoline is prohibited by the policy, if premiums were paid and accepted.' "

The able and learned judge who tried this case submitted an issue covering this aspect as follows: "Was it necessary to use an auxiliary gasoline engine incidental to the proper use and operation of said boat?" This issue was answered "Yes." The charge of the court below is not in the record and the presumption of law is that the court below charged the law applicable to the facts. We think the answer "Yes" to this issue sufficient to support the judgment.

No error.

CONNOR, J., dissents.